Judge Ewing
delivered the Opinion of the Court.
The plaintiffs in error filed their bill against the defendants, setting up the superior equity, derived under a treasury warrant entry in the name of Charles Miner Thuston, to apart of one thousand acres of land, claimed by the defendants Masterson and Miller, under a deed set up by them as having been executed by Philips, the patentee. They allege that said deed was fraudulently obtained by said Masterson and Miller, from a man who assumed the name of Philips, and that they had brought suit thereon, and recovered a judgment in ejectment against the tenants of one Percival, who afterwards, before the possession was obtained under said judgment, abandoned the premises, and the complainants, by their tenants, entered. They prey an in *127 junction against said judgment, and that the heirs of Philips release to them their elder legal title. Upon the hearing, the Circuit Court dismissed the complainant’s bill, without prejudice.
Publications against absent defendants, and un known h’rs must begin and be con tinued, as long before the appearance day as the law requires (2 mo’s for the former, 8 weeks for the latter,) otherwise they will be nugatory. Nine weekly insertions as to the former, or 8 as to the latter — all before the appearance day, it seems, ■ are not sufficient, unless the first insertion was two months or 8 weeks, before the appearance day.
tQ a hearing the ch’r will either al ]°wtimetomake those parties, or dismiss the bill, Where there is a want of necessary parties when a cause is bro’t without prejudice, at his discretion—a legal discretion which this court may, and sometimes, tho’ rarely, does supervise and correct. In this case, there was a certificate of publication which, without a close scrutiny of dates, appeared to be regular; but it was discovered that there was not quite the full time between the first publication and appearance day: time should be allowed for a new order of publication &c.
We have looked into the record, and are constrained to say, that there seems to be some merits in the case on the part of the complainants. But we are met at the thresh-hold, with an insuperable objection to its final settlement.
The unknown heirs of Wm. Philips are certainly necessary parties, and as such were made defendants to the bill. And, at the August term of the Gallatin Circuit Court, in the year 1829, an order was made notifying them to appear on the first day of the next term of said Court, to answer the complainant’s bill.
The then publisher of the Focus certifies, that said order was published two calendar months successively, “commencing on the 22d of September, 1829, and the last insertion made on the 24th November, in the same year.
The November term of the Gallatin Circuit Court commenced on the 16th day of the month.
If it be conceded that a publication of eight weeks against unknown heirs, was sufficient, that time had not been completed by one day, from the first insertion, to the day designated for the appearance of the heirs.
And it is certainly necessary for the full term of publication required by the statute to be completed, before the appearance day fixed in the order, or the notification is irregular and insufficient, and the parties notified, not properly before the court. Miller vs. Thompson, 7 Mon. 325.
Where there is a want of proper parties before the Court, it will, in general, be left to the Chancellor to dismiss without prejudice, or to give time to bring them before the Court, as was settled in the case of Thompson vs. Clay &c. 1 J. J. Marshall, 415, 429; and this Court will rarely interfere to control their discretion: yet we renard that J ° *128 discretion as a legal one and subject to the supervising control of this Court, and if exercised without reasonaWe grounds, or due caution, in such a manner as may affeet essentially the rights of one of the parties, this Court, ^ ° 1 7 7 jn this, as ap other cases, of a departure from the due exercise of a sound legal discretion, will interpose and correct the error.
In this case, if the insufficiency of the publication, was the ground on which the bill was dismissed without prejudice, we are cleai', that the Circuit Court, on the discovery of the defect, should have notified the parties of it, and given time for its correction.
The defect was one that may have escaped the scrutiny of the most vigilant counsel, and most probably did escape the observation of the counsel in this case. The error could not have been corrected until it was discovered, and it was from its character, most likely to have eluded the most vigilant research and scrutinizing examination of the papers in the cause.
The order appears to have been regularly obtained, and to have been published the proper length of time, and to have been duly and properly certified by the proper person. All this, upon an inspection of the copy of the order and the certificate of the printer, would appear. The counsel observing these facts, would take it for granted that all was right, and by nothing less than the exercise of more than ordinary diligence and accuteness, could have been induced to search further, or to have noticed that the Court had commenced one day, before the completion of the full time required by the statute for the publication. We must, therefore, reasonably presume that they had not discovered the defect, and were never apprised of it until it was first announced to them by the dismissal of their bill. While on the one hand? reasonable vigilance might be required io as to prevent a vexatious delay or harrassing procrastination of litigation; on the other hand, a rigid exaction of more than ordinary vigilance should not be required.
Besides it may be that, in this case, by driving the complainants to their new action, they may sustain irreparable injury by the lapse of time.
To a bill upon equitable title® all persons interested in the adversé claim, aré proper parties'.
As this case will return to the Circuit Court, we will barely remark, that it is intimated in the record, that one Garrard has an interest in the claim of Philips, in part covered by the interference» If he has, it would probably be most proper to bring him before the Court»
It seems most proper that all those interested in the adversary entry should be before the Court» A Chancellor never wishes to act by halves, but always desires 'to make a full and final determination of the whole case at once, as the best way to avoid a multiplication of suits and an accumulation of costs.
It is also intimated by a witness, that one Robinson is interested in the claim of the éómplainants. What is the character or extent of his interest, does not appear» If he be a joint tenant, or tenant in common, or interested in a part of the land in contest, it would be also proper to bring him before the court. 4 Mon. 383.
It it is therefore decreed by the Court, that the decree of the Circuit Court be reversed, and the cause remanded, that a reasonable time may be given to bring the unknown heirs of Philips before the court, and other steps taken not inconsistent with the principles above settled»